# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

TIMOTHY E. MCKELROY,                                              PLAINTIFF,

VS.                                                  CIVIL ACTION NO. 2:07CV86-P-A

HARLEY E. WOOD AND
LITTLE FALLS FREIGHT COMPANY, INC.,                               DEFENDANTS.

## ORDER

This matter comes before the court upon the plaintiff's motion to reconsider [17] the court's June 13, 2007 Order denying the plaintiff's motion to remand. After due consideration of the motion, the court finds as follows, to-wit:

In its June 13, 2007 Order denying the plaintiff's motion to remand, the court ruled that amount in controversy in excess of $75.000.00 requirement for diversity jurisdiction was present since the plaintiff sought $75,000.00 in the *ad damnum* clause of his Complaint in addition to attorneys fees which are to be included in determining the jurisdictional amount.

The plaintiff's instant motion asks the court to reconsider its decision to deny remand since the plaintiff has now filed an Amended Complaint which does not seek punitive damages or attorneys fees but merely $75,000.00.

However, the defendant is correct that post-removal events cannot deprive a court of jurisdiction once it is attached. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938) ("[E]vents occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached."); *Gebbia v. Walmart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("[O]nce

1

the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction.").

The court notes that the proper procedure in this instance would have been to file an affidavit signed by the plaintiff himself with the Complaint averring that he seeks no more than a total of $75,000.00 and in no circumstances would he accept more. *See Holmes v. Citifinancial Mortgage Company, Inc.*, 436 F.Supp.2d 829 (N.D.Miss.2006) (the defendant has the initial burden after removal and in response to a motion to remand to demonstrate that it is more likely than not that the actual amount in controversy exceeds $75,000.00 and after they have done so, the plaintiff must show that it is legally certain that he cannot recover more than $75,000.00 which would require, in Mississippi, an affidavit signed by the plaintiff himself limiting himself to a total of $75,000.00 or less since under Mississippi law he can amend his complaint after remand to seek more than $75,000.00, the jury has the power to award more than the amount requested in the Complaint, and an affidavit signed by an attorney is not binding upon the plaintiff in the event he replaces his counsel). Since the original complaint filed in State court did not attach such an affidavit, post-removal events cannot divest this court of jurisdiction.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the plaintiff's motion to reconsider [17] the court's June 13, 2007 Order denying the plaintiff's motion to remand is **DENIED**.

**SO ORDERED** this the 17th day of August, A.D., 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE