IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

TIMOTHY E. MCKELROY, PLAINTIFF,

VS. CIVIL ACTION NO. 2:07CV086-P-A

HARLEY E. WOOD and LITTLE
FALLS FREIGHT COMPANY, INC., DEFENDANTS.

## ORDER

This matter comes before the court upon Defendants' motion in limine [33] to exclude reference to the plaintiff not having medical insurance. After due consideration of the motion, the court finds as follows, to-wit:

The defendants filed the instant motion on August 11, 2008. The response deadline was August 28, 2008. The plaintiff filed no response, nor did he otherwise contact the court for additional time to do so. Local Rule 7.2(c)(3) requires a party to notify the court if it intends not to respond to a motion. Local Rule 7.2(c)(2) allows the court to grant a motion to which no response was filed.

The collateral source rule states that "[c]ompensation or indemnity for the loss received by plaintiff from a collateral source, wholly independent of the wrongdoer, as from insurance, cannot be set up by the [defendant] in mitigation or reduction of damages." *Burr v. Mississippi Baptist Medical Center*, 909 So.2d 721, 728 (Miss. 2005). However, "if evidence is introduced for a purpose other than to mitigate damages, the collateral source rule is not violated and the evidence may be admitted." *Geske v. Williamson*, 945 So.2d 429, ¶ 18 (Miss. Ct. App. 2006) (citing *Burr*, 909 So.2d at 729).

In this instance, the defendants argue since the collateral source rule would prevent them

1

from presenting evidence of health insurance to mitigate the plaintiff's damages, the plaintiff should not be allowed to submit evidence that he did not obtain medical care from a specialist because he did not have health insurance to pay for such an appointment.

The court disagrees. The collateral source rule prevents the *defendants* from using evidence that the plaintiff's medical bills were covered by insurance in order to argue to the jury that any damages awarded should be mitigated, or reduced, by the amount already paid for by the insurance company. The defendants cite no authority for the proposition that they can use the collateral source rule as a shield rather than a sword. Accordingly, pursuant to the Mississippi authorities cited above, the court concludes that the collateral source rule does not apply in this instance.

Alternatively, the defendants argue that admission of such evidence would be unfairly prejudicial and should be excluded pursuant to Fed. R. Evid. 403. The court concludes that there is nothing unfairly prejudicial in the plaintiff giving his reason for not seeking particular medical care and that such information is relevant to .

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendants' motion in limine [33] to exclude reference to the plaintiff not having medical insurance is **DENIED**.

**SO ORDERED** this the 2nd day of February, A.D., 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE